IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VICKIE LYNN PIPER,

           Plaintiff,

v.                                      CIVIL ACTION NO.   2:15-cv-12555

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is Plaintiff Vickie Lynn Piper's Complaint seeking review of the final decision of the Commissioner of Social Security ("Commissioner"). (ECF No. 2.) By standing order filed in this case on August 21, 2015, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition (the "PF&R"). (ECF No. 4.) On July 5, 2016, the Magistrate Judge entered his PF&R, which recommends that this Court grant Plaintiff's request for judgment on the pleadings, (ECF No. 12), deny the Commissioner's request for judgment on the pleadings, (ECF No. 13), remand this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), and dismiss this case. (ECF No. 14.) The Commissioner filed timely objections to the PF&R on July 14, 2016 (the "Objections"), (ECF No. 15), to which Plaintiff has responded, (ECF No. 16).

      For the reasons that follow, the Court **OVERRULES** the Objections, (ECF No. 15), **ADOPTS** the PF&R to the extent consistent with this Memorandum Opinion and Order, (ECF No. 14), **GRANTS** Plaintiff's request for judgment on the pleadings, (ECF No. 12), **DENIES** the

Commissioner's request for judgment on the pleadings, (ECF No. 13), **REMANDS** for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), and **DISMISSES** this action.

## I. PROCEDURAL BACKGROUND

The facts concerning this matter are fully set forth in the PF&R and need not be repeated here at length. In short, Plaintiff protectively filed an application for disability insurance benefits and supplemental security income on February 8, 2012, alleging disability as of February 21, 2012, (ECF No. 11-7 at 4), due to neck problems, degenerative disc, diabetes, fibromyalgia, high cholesterol, low magnesium levels, and degenerative arthritis, (ECF No. 11-8 at 5). The application was denied initially on May 16, 2012, (ECF No. 11-5 at 4–8), and upon reconsideration on June 12, 2012, (*id.* at 27–29).

A hearing was held before Administrative Law Judge I. K. Harrington (the "ALJ") on November 13, 2014. (ECF No. 11-3.) On February 13, 2014, the ALJ issued an unfavorable decision. (ECF No. 11-2 at 41–49.) The ALJ found at step one of the "sequential evaluation" process that Plaintiff "has not engaged in substantial gainful activity since February 21, 2012, the alleged onset date." (ECF No. 11-2 at 43.) At step two, the ALJ found that Plaintiff has several severe impairments, specifically: cervical spondylosis, cervicalgia, and diabetes mellitus, type II. (*Id.* at 44.) At step three of the analysis, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at 45.) The ALJ next found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), but reduced by certain exertional limitations. (*Id.* at 45–48.)

Finally, the ALJ found at step four that Plaintiff is capable of performing past relevant work as a cashier.  (*Id.* at 49.)

The Appeals Council denied review of the ALJ's decision on June 22, 2015.  (ECF No. 11-2 at 3.)  Thereafter, on August 20, 2015, Plaintiff filed the Complaint in this Court.

## II.   STANDARD OF REVIEW

### A.   Review of the PF&R

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B.   Review of the ALJ's Findings and Decision

Judicial review of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) ("A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law."). Substantial evidence requires more than a scintilla, but less than a preponderance, of the evidence.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  "In reviewing for

substantial evidence, [the court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

Plaintiff bears the burden of proving to the Commissioner that she is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5); *English v. Shalala*, 10 F.3d 1080, 1082 (4th Cir. 1993). "The term 'disability' means . . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a five-step "sequential evaluation" process to evaluate a disability claim.[1] *See* 20 C.F.R. §§ 404.1520(a) & 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v.*

---

[1] In *Hall v. Harris*, the Fourth Circuit provided the following description of the "sequential evaluation" analysis:

> Under the process the ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether that impairment meets or equals the medical criteria of Appendix 1 which warrants a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents him from performing his past relevant work. By satisfying either step 3 or 4, the claimant establishes a prima facie case of disability. The burden then shifts to the Secretary and leads to the fifth and final inquiry in the sequence: whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job.

658 F.2d 260, 264–65 (4th Cir. 1981); *see also* 20 C.F.R. §§ 404.1520 & 416.920 (providing the "sequential evaluation" analysis).

4

*Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

### III. DISCUSSION

The matter presented for review by way of the Objections is decidedly narrow in scope and concerns certain medical records Plaintiff submitted following the hearing but prior to the issuance of the ALJ's decision. In the PF&R, the Magistrate Judge recommends remand after concluding that the ALJ failed to adequately consider these medical records, docketed as Exhibit 13F, in determining Plaintiff's residual functional capacity ("RFC"). Specifically, the Magistrate Judge concluded that the ALJ did not "resolve all inconsistencies in the evidence as a whole as required under SSR 96-8p" by failing to adequately explain her decision to discredit Plaintiff's testimonial evidence of her diabetic neuropathy. (ECF No. 14 at 13.) In doing so, the Magistrate Judge relied heavily on the Fourth Circuit's recent decision, *Monroe v. Colvin*, 826 F.3d 176 (4th Cir. 2016). The Commissioner objects to the Magistrate Judge's assessment of *Monroe*'s applicability and argues that the ALJ's RFC determination is supported by substantial evidence.

Before considering the record evidence and the ALJ's analysis thereof, the Court sets forth the law applicable to the Commissioner's Objections. Between the third and fourth steps of the sequential evaluation process, the ALJ determines a claimant's RFC, defined as "'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (quoting 20 C.F.R. § 416.945(a)(1)). The ALJ must "consider all [the claimant's] medically determinable impairments of which [the ALJ is] aware, including . . . medically determinable impairments that are not 'severe.'" §

5

416.945(a)(2). Under Social Security Ruling 96-8p, "the RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions [set forth in the regulations]." *See* 20 C.F.R. §§ 404.1545(b), (c), (d) (requiring the ALJ to assess the claimant's physical abilities, mental abilities, and other abilities affected by medically determinable impairments in determining RFC).

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). Social Security Ruling 96-8p explains that the RFC "'assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" *Monroe*, 826 F.3d at 189 (quoting SSR 96-8p). This should include "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford*, 734 F.3d at 295 (citing *Hines v. Brown*, 872 F.2d 56, 59 (4th Cir. 1989)). The ALJ "must build an accurate and logical bridge from the evidence to [her] conclusion." *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

Plaintiff testified at the hearing that she experiences diabetic nerve pain, manifesting as stabbing pain in the soles of her feet that "feels like needles, lots of needles that are hot." (ECF No. 11-3 at 21.) The pain lasts for "a while" and is more intense while standing. (*Id.*) She also testified that her blood sugar fluctuates. (*Id.* at 20.) Plaintiff explained that she did not return to her past employment after a prior surgery because "walking all day would hurt . . . make the bottoms of my feet and my legs hurt." (*Id.* at 24.) The ALJ found that while Plaintiff's diabetes "could reasonably be expected to cause the alleged symptoms[,] . . . [her] statements concerning

6

the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely credible." (ECF No. 11-2 at 46.)

In discrediting Plaintiff's complaints of neuropathy, the ALJ remarked "that [diabetes] treatment has been generally successful in controlling these symptoms." (*Id.* at 47.) The ALJ observed that in both April and June, 2013, Plaintiff reported to her medical providers that she was "doing good," (ECF No. 11-12 at 18, 36), and her physician noted on July 1, 2013, that the diabetic neuropathy in Plaintiff's feet was "mild." (ECF No. 11-15 at 7.) In summary, the ALJ found that "[t]hese treatment notes reflect essentially normal or benign physical findings and suggest the claimant overestimates her symptoms." (ECF No. 11-2 at 47.)

Following the hearing but before the release of the ALJ's decision, Plaintiff submitted additional medical records which provide the basis for the Magistrate Judge's recommendation to remand. (ECF No. 11-16 ("Exhibit 13F").) There, Plaintiff's clinician recorded that Plaintiff suffers from "diabetes mellitus type 2 with complication uncontrolled." (ECF No. 11-16 at 3, 11.) The encounter summary is dated October 15, 2013, making it a more contemporaneous record of Plaintiff's diabetes complications compared to the records from earlier that year upon which the ALJ chiefly relied. Lab findings from that date also record Plaintiff's hemoglobin A1C levels at 7.3, a level that confirms her diabetes mellitus was poorly controlled. (*Id.* at 5 (indicating that in adults with diabetes, A1C levels should be below 7.0).) The ALJ noted her receipt of Exhibit 13F, but did not address the evidence of uncontrolled diabetes complications contained therein. (ECF No. 11-2 at 41, 47.) Instead, the ALJ stated that "[r]eview of systems in October 2013 revealed no complaints other than musculoskeletal symptoms." (*Id.* at 47.)

7

The Magistrate Judge found that the ALJ's failure to more fully consider Exhibit 13F in making her RFC assessment resulted in two errors requiring remand. First, the Magistrate Judge concluded that the ALJ did not analyze the limitations arising from Plaintiff's work-related abilities on a function-by-function basis. Second, he proposed a finding that the ALJ's opinion was not supported by substantial evidence because it lacks the narrative "discussion of which evidence the ALJ found credible and why." (ECF No. 14 at 14 (citing *Radford*, 734 F.3d at 295).)

In *Monroe*, the Fourth Circuit explicated the function-by-function assessment in the context of a particularly problematic boilerplate provision contained in the ALJ's decision. 826 F.3d at 187–88. There, the ALJ found that the claimant's sleep apnea and narcolepsy were severe impairments that could reasonably be expected to cause the complained-of symptoms of fatigue and loss of consciousness. Still, the ALJ "nonetheless found that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the RFC that the ALJ had described." *Id.* at 185 (internal quotation marks omitted). The Fourth Circuit found that the ALJ committed error by "expressing [the claimant's] RFC first and only *then* concluding that the limitations caused by [the claimant's] impairments were consistent with that RFC." *Id.* at 188; *see Mascio*, 780 F.3d at 639 (noting that the ALJ "got things backwards by implying that ability to work is determined first and is then used to determine the claimant's credibility").

The ALJ here did not use the same objectionable boilerplate at issue in *Monroe*, and the Fourth Circuit's discussion of the function-by-function analysis thus has little applicability. Moreover, in this case, the ALJ noted Plaintiff's symptomatology associated with her diabetes yet found that "the intensity, persistency, and limiting effects of these symptoms [were] not entirely

8

credible" when juxtaposed with the medical evidence discussed above. (ECF No. 11-2 at 46.) The ALJ must address function-by-function only those limitations that are first found to be credible. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary."); *Riha v. Comm'r*, No. 5:15-CV-00021, 2016 WL 4529775, at *5 (W.D. Va. Aug. 5, 2016), *report and recommendation adopted by Riha v. Colvin*, No. 5:15CV21, 2016 WL 4532403 (W.D. Va. Aug. 29, 2016) ("In discharging her duty to provide an assessment of a claimant's "work-related abilities on a function by function basis," the ALJ must make specific findings about the impact of a claimant's impairments and credible, related symptoms on her ability to work." (citing *Monroe*, 826 F.3d at 187–88)). Thus, properly framed, the question presented by the Commissioner's Objections is whether the ALJ's credibility finding is supported by substantial evidence.[2]

On this point, *Monroe* is apropos. As an independent basis for remand, the *Monroe* panel found that the ALJ "did not satisfactorily explain his decision to partly discredit [the claimant's] testimony regarding the symptoms and functional limitations resulting from his impairments." 826 F.3d at 189. Such is the case here. To begin, the ALJ's finding that Plaintiff's symptoms

---

[2] The Court notes that in March 2016, the Social Security Administration issued Social Security Ruling 16–3P, a new policy guidance regarding how the SSA evaluates "statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims." Soc. Sec. Admin., SSR 16–3P, *Titles II and XVI: Evaluation of Symptoms in Disability Claims*, 2016 WL 1119029 (Mar. 16, 2016). SSR 16–3P "supersedes SSR 96–7p," the guidance on this topic that had been in place since 1996, and "eliminate[es] the use of the term 'credibility' from [the SSA's] sub-regulatory policy, as [its] regulations do not use this term." SSR 16–3P, 2016 WL 119029, at *1. In so doing, the SSA clarified that "subjective symptom evaluation is not an examination of an individual's character." *Id*. SSR16-3p is effective only to decisions issued after its effective date of March 28, 2016. 81 Fed. Red. 15776-01, 2016 WL 1131509.

were not "entirely credible" does not tell the Court whether the ALJ found those symptoms "partially or completely incredible." *Mascio*, 780 F.3d at 638. Most troubling, however, is the ALJ's failure to resolve material inconsistencies in the record. SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996). The medical evidence upon which the ALJ relied to discredit Plaintiff's claims of nerve pain does little to rule out the potential for pain as a limiting factor in the RFC. Medical records of July 1, 2013 reveal that Plaintiff did, in fact, suffer from "mild" diabetic neuropathy. (ECF No. 11-15 at 7.) Further, the ALJ wholly failed to address medical evidence indicating that Plaintiff has uncontrolled complications relating to her diabetes mellitus. While the Commissioner is correct that the ALJ is not required to specifically discuss every piece of evidence in satisfying the requirements of SSR 96-8p, *see Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005), the ALJ's failure to consider medical evidence that appears to be most relevant to the assessment of Plaintiff's symptoms frustrates the Court's review. Without considering this evidence, the ALJ cannot be said to have "buil[t] an accurate and logical bridge from the evidence to [her] conclusion that Plaintiff's testimony was not fully credible." *Monroe*, 826 F.3d at 189 (citation omitted). Neither is this error harmless because the vocational expert testified that an individual who is not able to stand or walk for six hours of an eight-hour work day could not perform Plaintiff's past work as a cashier. (ECF No. 11-3 at 39–40.) If the ALJ is determined to disregard Plaintiff's nerve pain, she must do so by addressing the medical evidence that would tend to support the existence of that symptom.

Accordingly, the Court must remand to the ALJ for more specific explanation of the credibility determination. On remand, and if the ALJ continues to find it appropriate not to consider the limiting effects of Plaintiff's diabetic neuropathy in the RFC determination, the ALJ

should include a full narrative discussion describing how the evidence in Exhibit 13F, or lack thereof, supports that conclusion. *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (noting that an ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved"). Because the Court finds that the ALJ's RFC determination was not supported by substantial evidence, it does not reach Plaintiff's arguments with respect to Social Security Regulations 82-61 and 82-62. The ALJ should consider these arguments on remand.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Objections, (ECF No. 15), **ADOPTS** the PF&R to the extent consistent with this Memorandum Opinion and Order, (ECF No. 14), **GRANTS** Plaintiff's request for judgment on the pleadings, (ECF No. 12), **DENIES** the Commissioner's request for judgment on the pleadings, (ECF No. 13), **REMANDS** the case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), and **DISMISSES** this action.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 20, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE